1  KENNETH A. FEINSWOG
2  kfeinswog@aol.com
   Bar No. 129562
3  400 Corporate Pointe, Suite 300
4  Culver City, California 90230
   Telephone: (310) 846-5800
5  Facsimile:  (310) 846-5801
6
7  Attorney for Plaintiff
8
9
              **UNITED STATES DISTRICT COURT**
10             **FOR THE CENTRAL DISTRICT**
11                  **OF CALIFORNIA**
12
13  BRAVADO INTERNATIONAL     CIVIL ACTION NO.
   GROUP  MERCHANDISING
14  SERVICES, INC.,
15
16                             **COMPLAINT FOR**
                              **TRADEMARK, RIGHT OF**
17            Plaintiff,       **PUBLICITY AND COPYRIGHT**
                              **INFRINGEMENT AND UNFAIR**
18                            **COMPETITION**
19         -against-
20  ZAZZLE, INC.,VARIOUS JOHN DOES,
21  JANE DOES AND ABC COMPANIES,
                Defendants.
22
23
24
25  ///
26  ///
27
28

                              1

## JURISDICTION AND VENUE

1.      Plaintiff Bravado International Group Merchandising Services, Inc. (hereinafter referred to as "Bravado") is a corporation duly organized under the laws of the State of California with a place of business in Los Angeles, California.

2.      Upon information and belief, at all relevant times herein, defendants ZAZZLE, INC., VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANIES, have transacted business in and/or have committed their infringing activities alleged below in the Central District of California and/or knew that said activities would affect Bravado, a California corporation, and/or the Michael Jackson estate, and/or would have an effect in the Central District of California.

3.      This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq.) and the Copyright Act (17 U.S.C. §101 et seq). This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338(a).

4.      This Court also has supplemental jurisdiction over the Third, Sixth, Seventh, Eighth and Ninth Causes of Action because they arise out of a common nucleus of operative facts as the First and Second Causes of Action.

## PARTIES

5.      Michael Jackson was one of the most famous musical performers of this era and he used his name, trademarks, likeness and logos to identify himself in

2

all phases of the entertainment industry to distinguish himself from other professional entertainers.

6.     Michael Jackson has identified himself with the Michael Jackson name, likeness and trademarks since as early as 1964 to distinguish his performing services and/or merchandise pertaining to him from other parties.

7.     Michael Jackson has sold an estimated 750 Million copies of recorded product throughout the world and has twice been inducted in the Rock and Roll Hall of Fame, as a solo artist and as a member of the Jackson 5. The Guinness Book of World Records recognized Michael Jackson as the Most Successful Entertainer of All Time. His album "Thriller" sold more than 70 million units worldwide, more than any record ever. Michael Jackson has had licensed sales of millions of dollars worth of licensed merchandise bearing the Michael Jackson and/or King of Pop trademarks.

8.     Plaintiff Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of musical groups and performers throughout the United States. Plaintiff is selling Michael Jackson merchandise pursuant to an agreement with Triumph International, Inc. ("Triumph"), an entity owned by the Michael Jackson estate, that controls all rights in the Michael Jackson name, likeness, trademark and any other mark and/or indicia associated with Michael Jackson and/or his persona, including, but without limitation to, "King of Pop". Pursuant to said agreement, Bravado has been granted the exclusive right to sell

3

merchandise and commence actions against parties that sell merchandise bearing the Michael Jackson name, likeness, trademark and any other mark and/or indicia associated with Michael Jackson and/or his persona, including King of Pop, and all reproduction, distribution and exhibition rights in connection with said merchandise in copyrighted artwork and/or photographs in which the Michael Jackson estate and/or an entity owned by the Michael Jackson's estate owns the copyright.

9.    Defendants are unlicensed distributors who have been distributing and selling unauthorized shirts and/or other items bearing the Michael Jackson trademarks (including Michael Jackson and/or King of Pop), the Michael Jackson likeness and/or artwork and/or photographs ("Infringing Merchandise") that lead the consuming public to believe that said items are sponsored by or associated with and/or affiliated with Michael Jackson and/or his estate and/or plaintiff.   Said items have been distributed throughout the United States by various means of interstate transport and delivery in violation of plaintiff's rights.

10.    The sale of the Infringing Merchandise by defendants is and will be without permission or authority of plaintiff or any party representing Michael Jackson or his estate.

11.    Defendants' unlawful activities result in irreparable harm and injury in that, among other things, defendants deprive plaintiff, Triumph and/or the Michael Jackson estate of their absolute right to determine the manner in which the Michael Jackson image is presented to the general public through merchandising; deceives the public as to the source, origin and sponsorship of such merchandise;

4

1  wrongfully trades upon and cashes in on plaintiff's and Michael Jackson's

2  reputations, commercial value and exclusive rights and it irreparably harms and

3  injures the reputations of plaintiff and Michael Jackson.

4

5  ## AS AND FOR A FIRST CAUSE OF ACTION

6  ### Violation of 15 U. S. C. 1125(a)

7

8      12.    Plaintiff repeats and realleges paragraphs 1 through 11 of this

9
10  Complaint as if fully set forth herein.

11
12      13.    This cause arises under 15 U.S.C. 1125(a) relating to trademarks,

13  trade names and unfair competition and involves false descriptions in commerce.

14

15      14.    The Michael Jackson trademark has been used as a mark in

16  connection with his performing services since 1964 and in connection with the sale

17  of various types of merchandise.  As a result of same, the Michael Jackson

18  trademark has developed and now has a secondary and distinctive trademark

19  meaning to purchasers of merchandise.

20

21      15.    Defendants have used the Michael Jackson trademark to sell the

22  Infringing Merchandise containing the Michael Jackson trademark.  By

23  misappropriating and using the Michael Jackson trademark, defendants have

24  misrepresented and falsely described to the general public the origin and source of

25  the Infringing Merchandise so as to create the likelihood of confusion by the

26  ultimate purchaser as to both the source and sponsorship of the Infringing

27  Merchandise.

28

5

16.    The sale by defendants of the Infringing Merchandise has and will infringe upon and dilute the Michael Jackson trademark.

17.    The use of the Michael Jackson trademark in connection with the sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by Michael Jackson and the reputation that Michael Jackson and plaintiff have developed in connection with the sale of legitimate, authorized and high quality merchandise.

18.    Defendants' unlawful merchandising activities are without permission or authority of plaintiff or anyone authorized to give such consent and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or Michael Jackson and/or his estate.

19.    Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that the defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

20.    Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and/or Michael Jackson and/or his estate will suffer irreparable harm and injury to plaintiff's  and Michael Jackson's images and reputations as a result thereof.

6

21.   As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of 15 U. S. C. 1125(a)

22.   Plaintiff repeats and realleges paragraphs 1 through 11 and 13 through 21 of this Complaint as if fully set forth herein.

23.   This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

24.   The King of Pop trademark has been associated with Michael Jackson's performing services and has been used by Michael Jackson and/or the Michael Jackson estate in connection with the sale of various types of merchandise. As a result of the same, the King of Pop mark has developed and now has a distinctive trademark meaning to purchasers of merchandise and/or said mark would be falsely associated with Michael Jackson and/or his estate if it was used by defendants.

25.   Defendants herein have used the King of Pop trademark to sell the Infringing Merchandise. By using the King of Pop mark, defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing

7

Merchandise and/or are attempting to falsely associate themselves and/or their merchandise with plaintiff, Michael Jackson and/or the Michael Jackson estate.

26.    Defendants' unlawful merchandising activities are without permission or authority of plaintiff or anyone authorized to give such consent and constitutes express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or Michael Jackson and/or his estate.

27.    The aforesaid acts of defendants are willful violations of 15 U.S.C. 1125(a) in that the defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

28.    Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and Michael Jackson and/or his estate will suffer irreparable harm and injury to plaintiffs and Michael Jackson's images and reputations as a result thereof.

29.    As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
## Violation of Common Law Unfair Competition

30.    Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21 and 23 through 29 of this Complaint as if fully set forth herein.

8

31.     The use of the Michael Jackson and/or King of Pop trademarks by defendants in connection with the sale of the Infringing Merchandise is likely to, and is certainly intended to, cause confusion to purchasers.

32.     Defendants, by misappropriating and using the Michael Jackson and/or King of Pop trademarks, have utilized unfair means to usurp the good will and distinctive attributes of the Michael Jackson and King of Pop trademarks.

33.     Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source, sponsorship and/or association of the Infringing Merchandise.

34.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and Michael Jackson and/or his estate will suffer irreparable harm and injury to plaintiff's and Michael Jackson's images and reputations as a result thereof.

35.     As a result of defendants' aforesaid activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

///

///

///

///

## AS AND FOR A FOURTH CAUSE OF ACTION

### Trademark Dilution Under 15 U.S.C. 1125(c)

36.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29 and 31 through 35 of this Complaint as if fully set forth herein.

37.     By virtue of Michael Jackson's long and continuous use of the Michael Jackson trademark in interstate commerce, said mark has become and continues to be famous within the meaning of 15 U.S.C. 1125(c). As such said mark is eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

38.     Defendants' use of the Michael Jackson mark in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Michael Jackson mark by lessening plaintiff's, Triumph's and the Michael Jackson estate's capacity to identify the goods in violation of 15 U.S.C. 1125(c).

39.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and Michael Jackson and/or his estate will suffer irreparable harm and injury to plaintiff's and Michael Jackson's images and reputations as a result thereof.

40.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

10

## AS AND FOR A FIFTH CAUSE OF ACTION

## Copyright Infringement

41.    Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35 and 37 through 40 of this Complaint as if fully set forth herein.

42.    Plaintiff has been granted the exclusive reproduction, distribution and exhibition rights in merchandise, including, without limitation to, shirts, in and to the following works that have been registered with the United States Register of Copyrights (copies of records of said registrations are annexed hereto as Exhibit A):

    (A)    The Ultimate Collection, Registration No. SR0000385428, Registered December 27, 2005;

    (B)    Number Ones, Registration No. SR-0000343627, Registered December 17, 2003;

    (C)    Thriller, Registration No. SR-41-965, Registered January 27, 1983; and

    (D)    The Official Michael Jackson 1985 Calendar, VA0000171520, Registered October 22, 1984.

43.    Plaintiff and/or the copyright owner of said registrations have complied in all respects with Title 17 of the United States Code. Plaintiff and/or the copyright owner of said registrations have secured the exclusive rights and privileges in and to the copyrights in the works as set forth above.

11

44.     At all relevant times herein, plaintiff owned and still owns the entire right, title and interest in and to the reproduction, distribution and exhibition rights in the respective copyrights as set forth above on the goods that defendants have been selling.

45.     Defendants have wrongfully exhibited, copied, distributed and/or sold shirts and/or other items displaying at least some of the works set forth in paragraph 42 above. Such copying, distribution, exhibition and/or sale of said goods by defendants constitutes willful and deliberate infringement of plaintiff's rights in the aforesaid copyrights.

46.     If defendants' activities are not enjoined, plaintiff and/or Michael Jackson and/or his estate will suffer irreparable harm and injury.

47.     As a result of defendant's activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SIXTH CAUSE OF ACTION
## Violation of Section 3344.1 of the California Civil Code

48.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 40 and 42 through 47 of this Complaint as if fully set forth herein.

49.     Michael Jackson was a celebrated musical performer with a proprietary interest, inter alia, in the use in public of his name and likeness.

12

Michael Jackson died on June 25, 2009. On July 15, 2009, John Branca and John McClain, the special administrators of the estate of Michael Jackson, on behalf of the Michael Jackson estate, registered a claim pursuant to California Civil Code Section 3344.1. Triumph, an entity wholly owned by the Michael Jackson estate, has granted the exclusive right to Bravado to use the Michael Jackson likeness in connection with merchandise including shirts, posters and watches.

50.     Defendants have used the Michael Jackson name and likeness in connection with the sale and distribution of the Infringing Merchandise.  Neither plaintiff nor Triumph nor any party acting on behalf of the Michael Jackson estate has given oral or written consent to defendants for the use of Michael Jackson's name and/or likeness.

51.     Defendants have violated Section 3344.1 by knowingly appropriating, using and exploiting the Michael Jackson name and likeness in connection with commercial exploitation and/or advertisement of the Infringing Merchandise that they have distributed for their commercial benefit without the consent of plaintiff or any party authorized to give such consent.

52.     As a result, defendants have deprived plaintiff and the Michael Jackson estate of the right to control the time, place, terms and manner by which to publicize his special talents.

53.     The use of the Michael Jackson name and likeness in connection with the sale and distribution of Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and/or Michael Jackson and/or his

13

1  estate irreparable harm and injury. If defendants' activities are not enjoined,

2  plaintiff and/or Michael Jackson and/or his estate will suffer irreparable harm and

3  injury.

4

5

6      54.    As a result of defendants' activities, plaintiff has been damaged in an

7  amount not yet determined or ascertainable.

8

9              **AS AND FOR A SEVENTH CAUSE OF ACTION**

10             **Violation of Common Law Right of Publicity**

11

12     55.    Plaintiff repeats and realleges paragraphs 1 through 11, 13 through

13  21, 23 through 29, 31 through 35, 37 through 40, 42 through 47 and 49 through 54

14  of this Complaint as if fully set forth herein.

15

16

17     56.    Defendants' unauthorized use of the Michael Jackson name and

18  likeness constitutes common law right of publicity violations.

19

20     57.    Plaintiff will have no adequate remedy at law if defendants' activities

21  are not enjoined and plaintiff and Michael Jackson and/or his estate will suffer

22  irreparable harm and injury to plaintiff's and Michael Jackson's images and

23  reputations as a result thereof.

24

25     58.    As a result of defendants' activities, plaintiff has been damaged in an

26  amount not yet determined or ascertainable.

27

28

14

# AS AND FOR AN EIGHTH CAUSE OF ACTION

## Unfair Competition Under Cal. Bus. & Prof. Code Section 17200 et seq.

59.    Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 40, 42 through 47, 49 through 55 and 56 through 58 of this Complaint as if fully set forth herein.

60.    Defendants' acts, as alleged herein, have impaired plaintiff's goodwill, have created a likelihood of confusion, and have otherwise adversely affected plaintiff's business and reputation.  These acts constitute unfair competition in violation of California Business and Professions Code §§ 17200 et seq. and California common law.

61.    Defendants' conduct constitutes misappropriation of plaintiff's trademarks and the goodwill associated therewith.

62.    Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and Michael Jackson and/or his estate will suffer irreparable harm and injury to plaintiff's and Michael Jackson's images and reputations as a result thereof.

63.    As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A.    A Preliminary Injunction restraining, enjoining and prohibiting each of the defendants from using the Michael Jackson name, trademarks, likeness and/or copyright artwork and/or photographs and/or the King of Pop mark and/or anything confusingly similar thereto in connection with manufacturing, distributing or sale of any and all merchandise;

B.    A Permanent Injunction prohibiting defendants from selling or attempting to sell the aforesaid merchandise;

C.    Three times defendants' profits or three times the damages suffered by plaintiff or the Michael Jackson estate, whichever is greater, and reasonable attorneys fees and the costs of the action;

D.    Statutory damages of no less than $750.00 for each name and/or likeness that each defendant has used on each different product plus punitive damages and attorneys' fees pursuant to California Civil Code Section 3344;

E.    Defendants' profits or damages suffered by plaintiff or Michael Jackson, whichever is greater, plus punitive damages pursuant to the Third Cause of Action;

F.    Statutory damages of $150,000.00 pursuant to the Fifth Cause of Action for each copyrighted work set forth in paragraph 42 above that defendants infringed on each different product on which defendants copied each copyrighted work; and

1        G.      Such other and further relief that this Court deems to be just and

2   proper.

3

4

5   Dated:   July 2̱ 2011                    Respectfully submitted,
             Culver City, CA

6

7                                           By: _____

8                                               KENNETH A. FEINSWOG

9                                               Attorney for Plaintiff
                                                400 Corporate Pointe, Suite 300

10                                              Culver City, CA 90230
                                                Telephone: (310) 846-5800

11                                               Facsimile: (310)-846-5801

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A



**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = mjj productions
Search Results: Displaying 29 of 45 entries

◄ **previous**    **next** ►



*Michael Jackson: the ultimate collection / Michael Jackson.*

|  |  |
|---|---|
| **Type of Work:** | Sound Recording |
| **Registration Number / Date:** | SR0000385428 / 2005-12-27 |
| **Title:** | Michael Jackson: the ultimate collection / Michael Jackson. |
| **Copyright Claimant:** | © ☐ MJJ Productions, Inc., employer for hire |
| **Date of Creation:** | 2004 |
| **Date of Publication:** | 2004-11-03 |
| **Previous Registration:** | Prexisting material: basic sounds, basic photos, some sampled sounds. |
| **Basis of Claim:** | New Matter: compilation of sound recordings, some new sound recordings (disc 1: track 17, disc 2: tracks 6, 9-11, disc 3: tracks 7-9, disc 4: tracks 6, 7 & 11) & compilation of photographic matter. |
| **Copyright Note:** | Cataloged from appl. only. |
| **Names:** | Jackson, Michael |
|  | MJJ Productions, Inc. |

◄ **previous**    **next** ►



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format  Full Record | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

*Number ones / Michael Jackson.*

**Type of Work:** Sound Recording
**Registration Number / Date:** SR0000343627 / 2003-12-17
**Title:** Number ones / Michael Jackson.
**Imprint:** c2003.
**Publisher Number:** Epic EK 88998
**Description:** Compact disc.
**Copyright Claimant:** © ℗ MJJ Productions, Inc. (employer for hire)
**Date of Creation:** 2003
**Date of Publication:** 2003-11-12
**Basis of Claim:** New Matter: compilation of preexisting recordings & of preexisting photographic matter, new recording: One more chance.

**Other Title:** One more chance
**Names:** Jackson, Michael
MJJ Productions, Inc.

# CERTIFICATE OF COPYRIGHT REGISTRATION

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*David Ladd*

**REGISTER OF COPYRIGHTS**
United States of America

OFFICIAL SEAL

**FORM SR**
UNITED STATES COPYRIGHT OFFIC

| REGISTRATION NUMBER | |
|---|---|
| SR | 41-965 |
| SR | SRU |

EFFECTIVE DATE OF REGISTRATION

Jan.   27   1983
(Month)   (Day)   (Year)

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM SR/CON)

**(1) Title**

TITLE OF THIS WORK: THRILLER
Artist: MICHAEL JACKSON

Catalog number of sound recording, if any:   QE 38112
PREVIOUS OR ALTERNATIVE TITLES:

NATURE OF MATERIAL RECORDED: (Check Which)
- [x] Musical
- [ ] Dramatic
- [ ] Other
- [ ] Musical-Dramatic
- [ ] Literary

**(2) Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

1
NAME OF AUTHOR: Mr. Michael Jackson
Was this author's contribution to the work a "work made for hire"?  Yes...... No. X
AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ..... U.S.A. ..... } or { Domiciled in ..... U.S.A. .....
(Name of Country)                              (Name of Country)
AUTHOR OF: (Briefly describe nature of this author's contribution) Some new
sounds, all new photographic matter & artwork

DATES OF BIRTH AND DEATH:
Born ......... Died ......... (Year)   (Year)
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? ......... Pseudonymous? .........
Yes..... No. X      Yes..... No. X
If the answer to either of these questions is "Yes," see detailed instructions attached.

2
NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"?  Yes...... No .....
AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ..... } or { Domiciled in .....
(Name of Country)                              (Name of Country)
AUTHOR OF: (Briefly describe nature of this author's contribution)

DATES OF BIRTH AND DEATH:
Born ......... Died ......... (Year)   (Year)
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? ......... Pseudonymous? .........
Yes..... No .....      Yes..... No .....
If the answer to either of these questions is "Yes," see detailed instructions attached.

3
NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"?  Yes..... No .....
AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ..... } or { Domiciled in .....
(Name of Country)                              (Name of Country)
AUTHOR OF: (Briefly describe nature of this author's contribution)

DATES OF BIRTH AND DEATH:
Born ......... Died ......... (Year)   (Year)
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? ......... Pseudonymous? .........
Yes..... No .....      Yes..... No .....
If the answer to either of these questions is "Yes," see detailed instructions attached.

**(3) Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:
Year 1982
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:
Date November 19 1982
(Month)   (Day)   (Year)
Nation U.S.A.
(Name of Country)
(Complete this block ONLY if this work has been published.)

**(4) Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):
CBS Inc.
51 West 52nd Street
New York, New York   10019

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

PER AGREEMENT

SR 41-965

EXAMINED BY: R.W.

CHECKED BY:

CORRESPONDENCE: ☐ Yes

DEPOSIT ACCOUNT FUNDS USED: ✓

APPLICATION RECEIVED: 27 JAN 1983

DEPOSIT RECEIVED: 27 JAN 1983

REMITTANCE NUMBER AND DATE: JAN 27 1983

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM SR/CON)**

PREVIOUS REGISTRATION:

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes ...... No X
- If your answer is "Yes," why is another registration being sought? (Check appropriate box)
  ☐ This is the first published edition of a work previously registered in unpublished form.
  ☐ This is the first application submitted by this author as copyright claimant.
  ☐ This is a changed version of the work, as shown by line 6 of the application.
- If your answer is "Yes," give: Previous Registration Number .................. Year of Registration ......

**(5) Previous Registration**

COMPILATION OR DERIVATIVE WORK: (See Instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)
A - THE GIRL IS MINE ....... 34-03288. LYRICS ON INNER SLEEVE.

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)
ALL NEW PHOTOGRAPHIC MATTER & ARTWORK, SOME NEW SOUNDS:
Side 1, Bds. (1)WANNA BE STARTIN' SOMETHIN', (2)BABY BE MINE (4)THRILLER
Side 2, Bds. (1)BEAT IT (2)BILLIE JEAN (3)HUMAN NATURE (4)P.Y.T. (PRETTY YOUNG
THING) (5)THE LADY IN MY LIFE

**(6) Compilation or Derivative Work**

DEPOSIT ACCOUNT: (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name .............. CBS Inc

Account Number ........... DA016292

CORRESPONDENCE: (Give name and address to which correspondence about this application should be sent.)

Name CBS Law Registry/Barbara Lesko
Address 51 West 52nd Street
(City) New York, New York (State) 10019 (Apt) (ZIP)

**(7) Fee and Correspondence**

CERTIFICATION: * I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☒ authorized agent of ...... CBS Inc ......
(Name of author or other copyright claimant, or owner of exclusive right(s))
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature (X) .......... Barbara Lesko

Typed or printed name: Barbara Lesko    Date: 1/24/83

**(8) Certification (Application must be signed)**

MAIL CERTIFICATE TO

CBS Law Registry/Att. Barbara Lesko
(Name)
51 West 52nd Street
(Number, Street and Apartment Number)
New York, New York 10019
(City) (State) (ZIP code)

(Certificate will be mailed in window envelope)

**(9) Address For Return of Certificate**

7 U.S.C. § 506(e): FALSE REPRESENTATION—Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by
section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1981-341-279/51

FORM VA
UNITED STATES COPYRIGHT OFFICE
REGISTRATION NUMBER

VA                    VAU

EFFECTIVE DATE OF REGISTRATION

Month          Day          Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

TITLE OF THIS WORK ▼

THE OFFICIAL MICHAEL JACKSON 1985 CALENDAR

NATURE OF THIS WORK ▼ See instructions

Photographs/Calendar

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION   If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

**2**

NAME OF AUTHOR ▼

a.  MJJ Productions, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR Citizen of ▶ _____
Domiciled in ▶ United States

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼
entire work

NAME OF AUTHOR ▼

b.

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼

c.

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given
◀ Year  1984  in all cases.

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information Month ▶ July   Day ▶ 30   Year ▶ 1984
ONLY if this work
has been published.

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

MJJ Productions, Inc.
c/o Ziffren, Brittenham & Cullen
2049 Century Park East, Los Angeles, CA  90067

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
                 • See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY _____   FORM VA

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

☐ DEPOSIT ACCOUNT
   FUNDS USED

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5** **PREVIOUS REGISTRATION**  Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**6** **DERIVATIVE WORK OR COMPILATION**  Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

   Photographs have been previously published in slightly different form.

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

   Compilation, editing.

See instructions
before completing
this space.

**7** **DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                              Account Number ▼

   Simon & Schuster, Inc.                          DA013137

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

   see below

Be sure to
give your
daytime phone
▸ number

Area Code & Telephone Number ▸  (212) 245-6400 x 1388

**8** **CERTIFICATION**  I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Simon & Schuster, Inc.
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 1.
   Victoria Woods                                              date ▸  9/27/84

✎   Handwritten signature (X) ▼  _[signature]_

**9** MAIL
CERTIFI-
CATE TO

Name ▼
   Victoria Woods, Simon & Schuster, Inc.
Number/Street/Apartment Number ▼
   1230 Avenue of the Americas
City/State/ZIP ▼
   New York, New York  10020

Certificate
will be
mailed in
window
envelope

Have you:
• Completed all necessary
  spaces?
• Signed your application in space
  8?
• Enclosed check or money order
  for $10 payable to Register of
  Copyrights?
• Enclosed your deposit material
  with the application and fee?

MAIL TO: Register of Copyrights,
Library of Congress, Washington,
D.C. 20559.

* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1983; 381-279/504                                      August 1953—120,000

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV11- 6267 CAS (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | [ ] **Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | [ ] **Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Kenneth A. Feinswog
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., <br><br> PLAINTIFF(S) <br><br> v. <br><br> ZAZZLE, INC., VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANIES, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV11-06267** (AS(PZx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): ZAZZLE, INC., VARIOUS JOHN DOES, AND ABC COMPANIES,

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Kenneth A. Feinswog_____, whose address is _400 Corporate Pointe, Suite 300, Culver City, CA 90230_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JUL 2 9 2011

Clerk, U.S. District Court

Dated: _____

By: _____
      Deputy Clerk

      *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself □)<br>BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. | **DEFENDANTS**<br>ZAZZLE, INC., VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANIES |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Kenneth A. Feinswog, Esq.<br>400 Corporate Pointe, Suite 300<br>Culver City, CA  90230    Telephone: 310-846-5800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** □ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(a).  Defendants infringed plaintiff's trademark and copyright rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | **REAL PROPERTY** | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | **REAL PROPERTY** | □ 210 Land Condemnation | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 220 Foreclosure | **IMMIGRATION** | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | □ 462 Naturalization Application | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | □ 463 Habeas Corpus- Alien Detainee | | **FEDERAL TAX SUITS** |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 465 Other Immigration Actions | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | □ 290 All Other Real Property | □ 440 Other Civil Rights | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number:    **CV11-06267**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 7/22/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |